IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN GARY,

*Petitioner,*

v.

UNITED STATES OF AMERICA,

*Respondent.*

Civil Action No.: ELH-13-2778
Criminal No.: ELH-08-086

**MEMORANDUM**

In 2009, Kevin Gary entered a plea of guilty to the offense of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d).  ECF 467.  He was sentenced by Judge William D. Quarles, Jr. to a term of imprisonment of 360 months.  ECF 513.[1]  In September 2013, Gary filed a "Motion to Vacate, Set Aside, or Correct Sentence" (the "Petition"), pursuant to 28 U.S.C. § 2255.  ECF 1359.  In particular, Gary argued that, in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), Judge Quarles should not have sentenced him as a career offender.  *Id.* at 4-5.  The government filed an opposition.  ECF 1372 (the "First Opposition"), along with three exhibits.  ECF 1372-1 through ECF 1372-3.  Gary replied.  ECF 1396 (the "Reply").

On May 5, 2016, the Clerk docketed Gary's "Motion Under 2255 In Light Of Johnson v. United States."  ECF 1473 (the "Supplemental Petition").  The government subsequently filed an

_____

[1] This case was previously assigned to Judge Quarles.  It was reassigned to me on January 29, 2016, as a result of the retirement of Judge Quarles.  *See* Docket.

opposition (ECF 1476, the "Second Opposition"), along with an exhibit.  ECF 1476-1.[2]  Gary

has not replied to the Second Opposition and the time to do so has expired.  *See* Local Rule

105.2(a).

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief . . . ."  This is such

a case; no hearing is necessary.  For the reasons that follow, I shall deny the Petition and the

Supplemental Petition.

## I.  Factual and Procedural Background

Gary was indicted on February 21, 2008, on multiple charges, including conspiracy to

participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d).  ECF 1.  He was one

of twenty-eight defendants.  On January 9, 2009, Gary entered a plea of guilty to the racketeering

charge (ECF 467), pursuant to a Plea Agreement dated December 31, 2008.  ECF 468.

The plea was entered under Fed. R. Crim. P. 11(c)(1)(C).  *Id.* at 5 ¶ 9.  Pursuant to the

terms of the "C plea," the parties jointly recommended a term of imprisonment of 360 months.

*Id*.  In ¶ 7 of the Plea Agreement, the parties stipulated that Gary qualified as a career offender

under § 4B1.1 of the United States Sentencing Guidelines ("Sentencing Guidelines" or

"U.S.S.G.").

According to the "Stipulated Facts" contained in the Plea Agreement, Gary held a

position of leadership in the Tree Top Pirus Gang, a subset of the "Bloods."  *See generally id.* at

8-18.  Wiretap evidence showed that Gary, *inter alia*, facilitated drug transactions; ordered his

_____

[2]  In its letter to the Court of May 6, 2016 (ECF 1474), the government identified ECF
1473 as a "supplement" to Gary's original petition.  *Id.* at 1.  In its Second Opposition, however,
the government refers to Gary's "Amended Motion."  ECF 1476.

subordinates to commit acts of violence; and organized the distribution of firearms. *Id.* at 12-17. Gary also stipulated to having sold narcotics (*id.* at 14) and to having participated in a gang-related murder. *Id.* at 15.

On March 27, 2009, Judge Quarles sentenced Gary to a term of imprisonment of 360 months, in accordance with the Plea Agreement. ECF 511; ECF 513. The following day, March 28, 2009, Gary noted an appeal to the Fourth Circuit. ECF 512. On December 29, 2010, the Fourth Circuit affirmed Gary's conviction and dismissed his appeal as to his sentence. *See United States v. Penix and Gary*, 406 Fed. App'x 744 (4th Cir. 2010) (per curiam); *see also* ECF 1138. The mandate issued on January 20, 2011. ECF 1137. Gary did not seek a writ of certiorari to the Supreme Court.

More than two and a half years later, on September 19, 2013, Gary filed his Petition. ECF 1359. And, as noted, on May 5, 2016, Gary filed his Supplemental Petition. ECF 1473.

By Order of April 22, 2016 (ECF 1470), I directed the Office of the United States Attorney to advise the Court whether it believed that this case should be added to the Standing Order, in connection with cases implicated by *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). *See* Standing Order 2015-06 (Nov. 12, 2015), Misc. No. 00-308, *In Re: 28 U.S.C. §§ 2255 and 2241 Motions For Career Offender Sentencing Reductions and Vacatur of 18 U.S.C. § 924(c) Conviction[s]* (ECF 65); *see also* Standing Order 2016-03, Misc. No. 00-0308, *In re: 28 U.S.C. 2255 Motions for Vacatur of Convictions Under Johnson v. United States*, Misc. No. 00-308 (ECF 69; ECF 69-1). I also directed the Office of the Federal Public Defender ("OFPD") to advise the Court whether it would represent Gary in this case. ECF 1470. By letter to the Court of May 2, 2016 (ECF 1471), the OFPD indicated that it would "not be asking for

appointment in his case." In a letter to Gary of May 2, 2016, I notified Gary that "the Public Defender is unwilling to represent [him] in regard to [the] motion to vacate under 28 U.S.C. § 2255." ECF 1472.

In a letter to the Court dated May 6, 2016 (ECF 1474), the government stated, ECF 1474: "The government is prepared to respond to the petitioner's *Johnson* claims and does not believe that there is a need to have this case stayed under the *Johnson* Standing Order." By Order of May 6, 2016 (ECF 1475), I approved the government's request to respond to Gary's Supplemental Petition.

I address Gary's Petition (ECF 1359) and his Supplemental Petition (ECF 1473) in turn.

## II.  Discussion

### A.  The Petition

As discussed, the Fourth Circuit affirmed Gary's conviction on December 29, 2010. ECF 1138. The mandate issued on January 20, 2011 (ECF 1137) and Gary did not seek a writ of certiorari to the Supreme Court. His Petition was docketed in this Court on September 19, 2013. ECF 1359.

A one-year statute of limitations applies to § 2255 petitions. *See* 28 U.S.C. § 2255(f). Under § 2255(f), limitations runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- 4 -

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Gary concedes that he filed his Petition on September 19, 2013, which is more than two years after his conviction became final. ECF 1359 at 4 ¶ 13. However, he seems to suggest that 28 U.S.C. § 2255(f)(3) applies; he avers that when he filed the Petition, *Simmons v. United States*, 649 F.3d 237 (4th Cir. 2011) (en banc), "was just decided . . . ." ECF 1359 at 4 ¶ 13. In fact, Simmons was decided on August 17, 2011, almost two years before Gary filed his Petition.

The government has observed, ECF 1372 at 2 n.1: "The petitioner's *Simmons* claim may be barred by the statute of limitations, 28 U.S.C. § 2255(f)." It pointed out that "the petitioner filed his 2255 motion more than two years after his conviction became final (90 days after the issuance of the mandate on his appeal, Exhibit 3 [(ECF 1372-3)]), and more than two years after the issuance of *Simmons*." *Id.* Nevertheless, it focused on the merits of the Petition, explaining that the Petition is "easily addressed on the merits . . . ." *Id.*

In my view, the Petition is untimely. The one-year limitations period prescribed by 28 U.S.C. § 2244(d) began to run on March 29, 2011, upon expiration of Gary's time to seek review in the Supreme Court. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (stating that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"); Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of judgment from which review is sought). Moreover, under 28 U.S.C. § 2255(f)(3), a petitioner has one year from "the date on which the right asserted was initially recognized by the Supreme

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

As noted, *Simmons*, 649 F.3d 237, was decided on August 17, 2011.  Gary filed his Petition in this Court on September 19, 2013, more than two years after *Simmons* was decided, and more than a year after the expiration of the limitations period under § 2244(d).  *See* ECF 1359.  Thus, the Petition was untimely.  To be sure, the equitable tolling doctrine applies to the one-year limitations period under 28 U.S.C. § 2255.  *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255); *see Wall v. Kholi*, 562 U.S. 545, 549 (2011); *Holland v. Florida*, 560 U.S. 631, 650-51 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).  But, the doctrine is meant to apply only where there are "extraordinary circumstances."  *Holland*, 560 U.S. at 649.

Thus, to be entitled to equitable tolling, a petitioner must establish either that some wrongful conduct by respondent contributed to his delay in filing his motion to vacate, or that circumstances beyond his control caused the delay.  *See Harris*, 209 F.3d at 330.  In other words, equitable tolling is available in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party.'"  *Whiteside*, 775 F.3d at 184 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see United States v. Oriakhi*, 394 Fed. App'x 976, 977 (4th Cir. 2010); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

Gary does not identify any extraordinary circumstance that might implicate equitable tolling.  Accordingly, I conclude that Gary's Petition, filed more than a year after the expiration of the limitations period, is untimely pursuant to 28 U.S.C. § 2244(d).

Even assuming that Gary's Petition were timely, it is without merit.

As noted, pursuant to *Simmons*, 649 F.3d 237, Gary argues that he was improperly designated a career offender because of a prior conviction for robbery in Maryland. ECF 1359 at 4-5 ¶ 13-14; ECF 1372 at 3. In particular, Gary contends that his robbery conviction in 2000, in the Circuit Court for Baltimore City, does not qualify as a predicate conviction under § 4B1.2 of the Sentencing Guidelines. *See* ECF 1372 at 5. Gary appears to base his argument on the fact that he did not receive a term of imprisonment of more than one year, because he merely "did three months and some days in jail." ECF 1359 at 5 ¶ 14.

Section 4B1.1(a) of the 2008 edition of the Sentencing Guidelines, under which Gary was sentenced, is identical to the current edition of the Sentencing Guidelines. It provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(a) states:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[3]

---

[3] The definition for "crime of violence" in § 4B1.2(a) of the Sentencing Guidelines is similar to the definition for "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). *See In re Hubbard*, ___ F.3d ___, 2016 WL 3181417, at *3-4 (4th Cir. June 8, 2016). To determine whether a prior conviction qualifies as an ACCA predicate offense, the Supreme Court applies the "categorical approach," which requires courts to "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those

(b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

As indicated, Gary relies on *Simmons* to contest his career offender status.  ECF 1359 at 4-5 ¶¶ 13-14.  In *Simmons*, 649 F.3d 237, the Fourth Circuit considered "whether Simmons's 1996 [drug] conviction was for an offense 'punishable by imprisonment for a term exceeding one year' and so qualifies as a predicate felony conviction for purposes of the [Controlled Substances Act ("CSA")]."  *Id.* at 243.  The sentence enhancement Simmons faced was pursuant to the CSA, rather than a career offender designation pursuant to the Sentencing Guidelines.  *See id.* at 239. Under North Carolina law, his predicate offense for possession with intent to sell no more than ten pounds of marijuana was a Class I felony, punishable by up to "eight months' community punishment," without jail time, because Simmons was a first-time offender.  *Id.*; *see id.* at 240-41.  Accordingly, the Fourth Circuit concluded that Simmons's prior drug conviction did not qualify as a predicate offense for purposes of a sentence enhancement.  *Id.* at 247.

I am unaware of specific guidance from the Fourth Circuit as to whether the Maryland offense of robbery constitutes a "crime of violence" for purposes of a career offender sentencing enhancement under the Sentencing Guidelines.[4]  But, I need not decide whether robbery in

---

convictions."  *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also Mathis v. United States*, ____ U.S. ____, 136 S. Ct. 2243, 2248 (2016); *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2283 (2013).

[4] In *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), the Fourth Circuit concluded that the offense of federal bank robbery qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3).  In *United States v. Shell*, 789 F.3d 335 (4th Cir. 2015), the Court

Maryland constitutes a "crime of violence" under the Sentencing Guidelines because, even assuming that robbery is not a crime of violence, Gary's Presentence Report ("PSR," ECF 1487) reflects that Gary was also convicted of two prior, separate, and qualifying felony drug offenses.[5]

In particular, in addition to Gary's robbery conviction in 2000, the PSR reflects that, on July 10, 2001, Gary was convicted of possession with intent to distribute cocaine, which occurred on October 7, 2000.  ECF 1487, ¶¶ 47, 48.  For that offense, he was sentenced on August 13, 2001, to a period of ten years' incarceration, of which eight years were suspended.  *Id*. ¶ 47.  And, ¶¶ 49 and 50 of the PSR reflect that Gary was convicted of possession with intent to distribute heroin and conspiracy to distribute heroin, with an offense date of November 4, 2000.  On August 13, 2001, the court imposed a concurrent sentence of ten years' imprisonment, of which eight years were suspended.

Thus, based on Gary's two prior and distinct felony drug convictions, and without regard to his robbery conviction, Gary is a career offender.

### B. The Supplemental Petition

In the Supplemental Petition, Gary seems to argue that, in light of *Johnson*, 135 S. Ct. 2551, he was improperly sentenced as a career offender.  ECF 1473.  Gary notes that *Johnson* invalidated the residual clause of the ACCA, 18 U.S.C. § 924(e).  ECF 1473 at 2.  Therefore, he maintains that in order for an offense to constitute a "Violent Felony," it must satisfy the "Force

---

considered a sentence enhancement "for a prior crime of violence under U.S.S.G. § 2K2.1, which defines that term by reference to the career-offender guideline, U.S.S.G. § 4B1.2.  U.S.S.G. § 2K2.1 cmt. n. 1."  *Id.* at 340.

[5] Initially, Gary's Presentence Report was not docketed.  However, I located a copy of the Presentence Report in Judge Quarles's case file.  Accordingly, I have filed the Presentence Report, under seal, as ECF 1487.

Clause." *Id.* And, he contends that Maryland common law robbery does not satisfy the Force Clause under the categorical approach. *Id*. at 5. Therefore, he argues that the Court erred in sentencing him as a career offender. *Id.* at 4-6.

The government counters with three primary arguments. First, the government maintains that "*Johnson* cannot be applied retroactively to claims alleging a misapplication of the Federal Sentencing Guidelines." ECF 1476 at 3. Second, the government argues, *id.* at 4: "Even assuming that *Johnson* applies retroactively to a guidelines case, and even assuming that the petitioner should not have been found a career offender, the petitioner's challenge to his sentence still fails." In this regard, the government maintains, *id.*: "Even if the petitioner had not been adjudicated a career offender, his guidelines range still would have been 360 months to life." Finally, the government submits: "The petitioner's prior controlled substance convictions, independently of the robbery conviction, qualified him as a 'career offender.'" *Id.* at 5.

In *In re Hubbard*, *supra*, 2016 WL 3181417, at *2, the Fourth Circuit explained the Supreme Court's decision in *Johnson*:

> In 2015, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2555–57. "The void-for-vagueness doctrine prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'" *Welch* [*v. United States*, ___ U.S. ___], 136 S. Ct. [1257,] 1262 [(2016)] (quoting *Johnson*, 135 S. Ct. at 2556). The now-invalidated ACCA residual clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). Applying the vagueness doctrine, the Supreme Court concluded that the ACCA's residual clause was unconstitutional under both standards: it failed to provide "fair notice to defendants" and "invite[d] arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557.

Moreover, in *Welch v. United States*, ____ U.S. ____, 136 S. Ct. 1257 (2016), the Supreme Court determined that *Johnson* announced a substantive rule that applies retroactively on collateral review. *Id.* at 1264, 1265, 1268.

In *Hubbard*, 2016 WL 3181417, the Fourth Circuit considered whether the defendant could obtain review of a successive § 2255 Petition based on *Johnson*.[6]  The defendant had been found to be a career offender under § 4B1.1 based on two convictions that were determined to be crimes of violence.  The Court observed, *id.* at *3-4, that the Sentencing Guidelines contain a definition of "crime of violence" that is similar to the provision of the ACCA that the Supreme Court found unconstitutional in *Johnson*.  The Fourth Circuit concluded, *id.* at *7: "[T]he rule in *Johnson* is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively . . . ."  However, the Fourth Circuit left open the question of whether, under *Johnson*, the definition of "crime of violence" in the Sentencing Guidelines is unconstitutionally vague.[7]  *See Hubbard*, 2016 WL 3181417, at *4.  This issue is currently pending in the Supreme

---

[6] At the time the government filed its Second Opposition on May 16, 2016, *Hubbard* had not yet been decided.

[7] In *Hubbard*, 2016 WL 3181417, at *4 n. 4, the Fourth Circuit explained:

> We note that the circuits are divided as to whether § 16(b) and § 924(c)(3)(B) are unconstitutionally vague under *Johnson*.  A panel of the Fifth Circuit agreed with the Seventh and Ninth Circuits that *Johnson* renders § 16(b) unconstitutionally vague, but the court has granted rehearing. *United States v. Gonzalez–Longoria*, 813 F.3d 225 (5th Cir. 2016), *reh'g en banc ordered*, 815 F.3d 189 (5th Cir. 2016). The Sixth Circuit has concluded that § 924(c)(3)(B) is not unconstitutionally vague, [*United States v.*] *Taylor*, 814 F.3d [340,] 376 [(6th Cir. 2016)], completing (for now) the circuit split.  We have previously declined (as unnecessary to the decision) to opine on whether *Johnson*'s holding applies to the residual clauses embodied in those provisions, *e.g.,* [*United States v.*] *Fuertes*, 805 F.3d [485,] 499 n. 5 [(4th Cir. 2015)], and in the context of our consideration of [the petitioner's] motion for authorization to proceed in the district court, we

Court.  *See Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (2016);[8] *see* Standing Order 2016-03, Misc. No. 00-0308, *In Re: 28 U.S.C. 2255 Motions for Vacatur of Convictions under Johnson v. United States*, (ECF 69 at 1) (noting that, at issue in *Beckles* v. *United States,* S. Ct. No. 15-8544, is "whether *Johnson's* holding applies to the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a)(2), and, if so, whether *Johnson's* invalidation of the residual clause of the career offender guideline applies retroactively on collateral review.").

    As with the Petition, and as discussed earlier, I need not determine whether Gary's Maryland robbery offense is a crime of violence for career offender purposes under U.S.S.G. § 4B1.1 and § 4B1.2, because Gary has two prior and distinct  felony drug convictions.  Each conviction was a "controlled substance offense" under § 4B1.2(b) of the Sentencing Guidelines, and each was punishable by a term of imprisonment exceeding one year.  *See* Md. Code, Criminal Law Article ("C.L.") §§ 5-602 and 5-608; C.L. §§ 5-402 and 5-403.  As discussed

---

have no occasion to rule on the merits of his claim beyond the "glance" discussed in text.

[8] In *Beckles*, 616 F. App'x at 416, the Eleventh Circuit said:

    The Supreme Court's decision in *Johnson*—in which the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA")—does not control this appeal. Beckles was sentenced as a career offender based *not* on the ACCA's residual clause, but based on express language in the Sentencing Guidelines classifying Beckles's offense as a "crime of violence." *Johnson* says and decided nothing about career-offender enhancements under the Sentencing Guidelines or about the Guidelines commentary underlying Beckles's status as a career-offender.

earlier, based on Gary's two prior felony convictions for controlled substance offenses, Gary was properly found to be a career offender. *See* ECF 1487 ¶¶ 47-50.

According to the PSR, Gary's final adjusted offense level was a 40, after three deductions for acceptance of responsibility, based on his guilty plea. ECF 1487, ¶¶ 39-41. As a career offender, his criminal history category was a VI, and the advisory sentencing guidelines range called for a term of imprisonment ranging from 360 months to life. But, even without the career offender designation, Gary's adjusted offense level remained a 40. *See* ECF 1487, ¶¶ 39-41. However, Gary's criminal history category would have been a V, rather than a VI, if he were not a career offender. *See* ECF 1476 at 4. Nevertheless, even without the career offender designation, with an offense level of 40 and a criminal history category of V, Gary still faced a guidelines range of 360 months imprisonment to life. *Id.* In other words, the career offender designation had no impact on the advisory sentencing guidelines range.

Moreover, I note that the defendant pleaded guilty under Rule 11(c)(1)(C), by which the parties jointly proposed a sentence of 360 months' incarceration. Judge Quarles imposed the agreed upon disposition.

In sum, the Supreme Court's decision in *Johnson* is not germane here. Gary's two prior controlled substance offenses qualified as predicate convictions for the purposes of a career offender sentence enhancement.

### Conclusion

For the foregoing reasons, Gary's "Motion to Vacate, Set Aside, or Correct Sentence" (ECF 1359) and "Motion Under 2255 In Light Of Johnson v. United States" (ECF 1473) are denied. A Certificate of Appealability shall not issue.

A separate Order follows, consistent with this Memorandum.

Date: August 17th, 2016            _____/s/_____
                                   Ellen Lipton Hollander
                                   United States District Judge