IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN GARY,
    *Petitioner,*

v.

UNITED STATES OF AMERICA,
    *Respondent.*

Criminal No.: ELH-08-086
Civil Action No.: ELH-13-2778

**MEMORANDUM**

This Memorandum addresses two motions for reduction of sentence filed by Kevin Gary, who is now self represented. *See* ECF 1269; ECF 1560. Gary seeks relief under Amendment 750 or Amendment 782 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). The government opposes the motions. ECF 1564. No reply has been filed.

No hearing is necessary to resolve these motions. For the reasons that follow, Mr. Gary is not entitled to relief. Therefore, I shall deny his motions.

**I. Factual and Procedural Background**

Gary was indicted on February 21, 2008, on multiple charges, including conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). ECF 1. He was one of twenty-eight defendants in the case. On January 9, 2009, before Judge William D. Quarles, Jr., Gary entered a plea of guilty to the racketeering charge (ECF 467), pursuant to a Plea Agreement. ECF 468.[1]

The plea was entered under Fed. R. Crim. P. 11(c)(1)(C). *Id.* at 5, ¶ 9. Pursuant to the terms of the Plea Agreement, the parties agreed to jointly recommended to the court a term of

---

[1] This multi-defendant case was initially assigned to Judge Quarles. It was reassigned to me in 2016, due to Judge Quarles's retirement. *See* Docket (1/29/16).

imprisonment of 360 months. *Id*. Moreover, in ¶ 7 of the Plea Agreement, the parties stipulated that Gary qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.").

According to the "Stipulated Facts" contained in the Plea Agreement, Gary held a position of leadership in the Tree Top Pirus Gang, a subset of the "Bloods." *See generally* ECF 468 at 8-18. Wiretap evidence showed that Gary, *inter alia*, facilitated drug transactions; ordered his subordinates to commit acts of violence; and organized the distribution of firearms. *Id.* at 12-17. Gary also stipulated to having sold narcotics (*id.* at 14) and to having participated in the gang-related murder of Terrance Williams, whose throat was slit. *Id.* at 15.

On March 27, 2009, Judge Quarles sentenced Gary to the agreed upon term of imprisonment of 360 months, in accordance with the Plea Agreement. ECF 511; ECF 513. The following day, March 28, 2009, Gary noted an appeal to the Fourth Circuit. ECF 512. On December 29, 2010, the Fourth Circuit affirmed Gary's conviction and dismissed his appeal. *See United States v. Penix and Gary*, 406 Fed. App'x 744 (4th Cir. 2010) (per curiam); *see also* ECF 1138. The mandate issued on January 20, 2011. ECF 1137. Gary did not seek a writ of certiorari to the Supreme Court.

On March 15, 2012, Gary filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Guideline Amendment No. 750. ECF 1269. In regard to ECF 1269, it does not appear that the government responded. Nor did Judge Quarles rule; the motion remains open on the docket.

On September 19, 2013, Gary filed a petition under 28 U.S.C. § 2255. ECF 1359 (the "Petition"). The government responded in opposition. ECF 1372. Gary replied. ECF 1396. And, on May 5, 2016, Gary amended his Petition. ECF 1473. The government again responded

in opposition. ECF 1476. Thereafter, by Memorandum (ECF 1491) and Order (ECF 1492) of August 17, 2016, I denied the Petition.

On December 26, 2018, Gary filed a request for relief pursuant to "*Hughes v. United States*" and "*Sessions v. Dimaya*." ECF 1560. The submission contains assertions consistent with a petition under 28 U.S.C. § 2255 as well as a motion under 18 U.S.C. § 3582(c).

In a letter of January 3, 2019 (ECF 1561) to Gary and to the government, I noted that ECF 1560 appeared to be a successive petition under § 2255. I also noted that the motion filed on March 15, 2012 (ECF 1269), seeking a reduction of sentence, appeared unresolved.

The Office of the Federal Public Defender ("FPD") responded on January 8, 2019. ECF 1562. It stated that the motion docketed at ECF 1560 arguably asserts claims both as a motion under 18 U.S.C. § 3582(c) and as a petition under 28 U.S.C. § 2255.[2]

As indicated, Mr. Gary previously filed a Petition under 28 U.S.C. § 2255. ECF 1359, ECF 1473. And, I resolved that Petition in a Memorandum and Order of August 17, 2016. ECF 1491; ECF 1492. Therefore, to the extent that ECF 1560 constituted a petition under 28 U.S.C. § 2255, I denied it on January 9, 2019, without prejudice, subject to Mr. Gary's right to seek authorization from the Fourth Circuit to file a successive § 2255 petition. *See* ECF 1563. By Order of January 30, 2019 (ECF 1565), the Fourth Circuit denied Mr. Gary's requested authorization.

However, to the extent that ECF 1560 constitutes a motion for reduction of sentence under Amendment 782, I did not resolve it in my ruling at ECF 1563. Moreover, as noted, ECF 1269 remains open on the docket. It was filed pursuant to U.S.S.G. Amendment 750. In sum,

---

[2] The FPD conceded that Gary is not entitled to a sentence reduction under Amendment 750 or Amendment 782. ECF 1562.

Gary asks this Court to reduce his sentence pursuant to U.S.S.G. § 2D1.1, as amended by Amendments 750 and 782, made retroactive by U.S.S.G. § 1B1.10(d).

The government has filed a combined opposition to both motions for sentence reduction. ECF 1564. The government asserts, *id.* at 2: "Petitioner is not entitled to a sentencing reduction because his guidelines range was not established by the drug quantity table in U.S.S.G. § 2D1.1 and is therefore unchanged by either Amendment 750 or Amendment 782."

## II. Discussion

As noted, Gary pleaded guilty to racketeering conspiracy. According to the Presentence Report ("PSR", ECF 1487), drug trafficking was one of the acts in furtherance of the racketeering conspiracy. *Id.* ¶ 25. But, it was not the only racketeering activity. During the drug conspiracy, at least one victim was murdered. *Id.* ¶ 33. Therefore, under U.S.S.G. § 2D1.1(d)(1) and § 2A1.1, the First Degree Murder cross reference was used to determine Gary's base offense level of 43. *Id.* ¶ 33. After a three-level reduction in the offense level, for acceptance of responsibility, the defendant had a final offense level of 40. *Id.* ¶ 41. He also qualified as a career offender, with a criminal history category of VI. *Id.* ¶ 55. Therefore, his advisory Guidelines called for a period of incarceration ranging from 360 months to life imprisonment. ECF 1481, ¶ 62.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, a district court may reduce a sentence for a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013).

In *Dillon v. United States*, 560 U.S. 817, 827 (2010), the Supreme Court stated that the court is required "to follow the Commission's instruction in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." As part of the process, the court is required to "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

In this case, Gary entered a plea of guilty to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and was sentenced to 360 months' imprisonment, pursuant to the C plea. Pursuant to U.S.S.G. § 2E1.1(a)(2), his sentence was based on the Guidelines range established under U.S.S.G. §§ 2D1.1(d)(1) and 2A1.1(a)—the murder cross reference.

According to U.S.S.G. § 2E1.1(a)(2), the base offense level for racketeering is the higher of 19 or the offense level applicable to the underlying racketeering activity. Because the underlying activity in Petitioner's case was murder, his base offense level was 43 under U.S.S.G. § 2A1.1. That corresponded to the offense level anticipated in the plea agreement. ECF 1564-1, ¶ 6(a). And, the PSR (ECF 1487) agreed with that determination. *Id.* ¶¶ 32-33.

Of import here, U.S.S.G. § 2D1.1's drug quantity provision, which is the guideline provision affected by Amendments 750 and 782, had no bearing on Gary's sentence.[3]

Gary relies on *United States v. Hughes*, ___ U.S. ___, 138 S. Ct. 1765 (2018), to argue that he is entitled to a § 3582(c) sentencing reduction, notwithstanding that his plea agreement was a Rule 11(c)(1)(C) agreement. ECF 1560 at 2-3. I agree that the mere fact of a C plea does not necessarily foreclose a sentence reduction. But, the Guidelines that apply to the case were

---

[3] As noted, Gary was also determined to be a career offender pursuant to U.S.S.G. § 4B1.1. This provided for a criminal history category of VI. ECF 1487, ¶ 39.

not calculated based on drug quantity in § 2D1.1. And, the Guidelines that applied have not changed, as the government observes. ECF 1564 at 3.

To be sure, "the Guidelines remain the foundation of federal sentencing decisions." *Hughes*, 138 S. Ct. 1775; *see Peugh v. United States*, 569 U.S. 530, 541 (2013). As to a C plea, the sentencing court must evaluate it in light of the defendant's Guidelines range. *Hughes*, 138 S. Ct. at 1776; *Molina-Martinez v. United States*, 578 U.S. ___, 136 S. Ct. 1338, 1345 (2016); U.S.S.G. § 6B1.2(c). The Supreme Court has said that "in the usual case the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Hughes*, 138 S. Ct. at 1776. But, relief is unavailable under § 3582(c)(2) if the defendant's sentence was not based on the Guidelines range. *Id.*; *see Koons v. United States*, ___ U.S. ___, 138 S. Ct. 1783, 1787 (2018).

In this case, it appears that the C plea was based on the Guidelines. But, the Guidelines that were used were not those pertinent to drug quantity. To the contrary, the Guidelines were founded on § 2E1.1(a)(2) and § 2A1.1(a). Therefore, Gary is not entitled to relief under either Amendment 750 or Amendment 782.

### III. Conclusion

For the foregoing reasons, Gary's motions for reduction of sentence are denied.

A separate Order follows, consistent with this Memorandum.

Date: April 4, 2019          /s/
                             Ellen Lipton Hollander
                             United States District Judge