IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. ELH-08-086 |
| KEVIN GARY, | |
| Defendant | |

## REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SENTENCING REDUCTION

COMES Defendant,, KEVIN GARY ("Gary"), appearing *pro se,* and files his Reply to Government's Response to Defendant's Motion for Sentencing Reduction [Doc. 1713], and would show as follows:

### I. PRELIMINARY STATEMENT

As a preliminary matter, Gary respectfully requests that this Court be mindful that *pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers," and should therefore be liberally construed. See *Clark v. Cartledge,* 829 F.3d 303 (4th Cir. 2016); *Estelle v. Gamble,* 429 U.S. 97 (1976) (same); and *Haines v. Kerner,* 404 U.S. 519 (1972) (same). Gary also adopts by reference and in whole his previously filed Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018. See Doc. 1671.

### II. REPLY TO GOVERNMENTS RESPONSE

The 21-page Response to Defendant's Motion for Sentencing Reduction ("GR") is filed under seal and divided into five (5) main sections: (I) Background; (II) Argument; (III) Extraordinary and Compelling Circumstances; (IV) Factors Set Forth under 18 U.S.C. § 3553(a); and (IV) Conclusion.

Gary will reply to each main section sequentially as follows:

### I. Background

This section of the GR gives the charges and sentence that Gary had imposed on him. It also cites the stipulation that Gary gave regarding his personal conduct as a gang member. See GR at 1-2. Gary has no objection to this main section.

### II. Argument

In this section of the GR, the government states the relevant inquiry required when considering a reduction of sentence under the compassionate release provision of the First Step Act as follows: First, the Court must determine if an inmate is eligible for a sentence reduction that is: (A) warranted by "extraordinary and compelling reasons"; and (B) consistent with applicable Sentencing Commission Policy Statements; and Second, if the Court finds the inmate is eligible for compassionate lease, it must then consider whether a sentence reduction is warranted according to the factors set for in 18 U.S.C. § 3553(a). (Citing cases). See GR at 3.

### III. Extraordinary and Compelling Circumstances

Here, the government states that Gary's motion points to his health issues (regarding Covid-19) and his post-conviction rehabilitation accomplishments as basis for extraordinary and compelling circumstances, as well as the § 3553(a) factors. See GR at 4.

    A.    Defendant's Medical Conditions and COVID-19.

According to the government in this subsection, the government concedes that on the one hand that Gary's health conditions satisfy the CDC Categories with regard to the virus, but after going into detail regarding his health conditions, the government finally concludes that "due to the improving conditions surrounding the pandemic, and the availability of COVID-19 vaccine to more

2

and more people, the defendant's health conditions do not end the inquiry and frames the issue as to whether the defendant currently can demonstrate extraordinary and compelling cirumstances arising for the COVID-19 pandemic." See GR at 6. In this regard, the government claims that conditions within the BOP have improved dramatically since Gary's illness especially at Fort Dix claiming that the BOP has taken "aggressive steps" to vaccinate its inmate and staff populations and that Gary has now been vaccinated. Because of these reasons, the government opines that the Court should deny his motion. See GR at 8.

In reply, contrary to the government goes off on a tangent and glory report about the BOP's wonderful improvement, a May 4, 2021, article in the Trentonian newspaper entitled "Fort Dix Fci Has Largest Total COVID-19 Cases among U.S. Federal Prisons". It should be noted that this article appeared before the recent Delta variant virus outbreak. In that article, it is stated that The Fort Dix federal prison in South Jersey continues to be impacted by COVID-19. At least two inmates at Fort Dix Federal Correctional Institution have died this year from novel coronavirus disease, according to the federal Bureau of Prisons. The facility, also known as FCI Fort Dix, has suffered the worst COVID-19 outbreaks of any federal penitentiary nationwide, data show. Fort Dix inmate Fernando Marulanda Trujillo, 69, a convicted cocaine dealer who had long-term, pre-existing medical conditions, died March 25 from COVID-19 complications, the BOP announced this spring. Another inmate, Myron Crosby, 58, a convicted heroin dealer who had long-term, pre-existing medical conditions, died Jan. 22 from COVID-19 complications, according to BOP. FCI Fort Dix is the largest federal prison in the United States in terms of inmate population. More than 70 percent of its 2,800 prisoners — 2,008 inmates — have tested positive for COVID-19 since the pandemic began, and 1,800 have recovered, data show. No other federal prison comes close to those numbers. Further,

this does not take into consideration, the continued effects the virus has had on the surviving inmates such as Gary suffers from and the impact of the Delta strain of the COVID-19 pandemic.

Contrary to the government claim about protection because Gary has been now vaccinated, a study by University of Oxford scientists has found that people who contract the Delta variant of COVID-19 after being fully vaccinated carry a similar amount of the coronavirus as those who catch the disease and have not been inoculated. The researchers stressed that vaccination still offers good protection against catching the disease in the first place. The survey of real-world U.K. data indicates, however, that vaccinated people with "breakthrough" infections could still pose a significant infection risk to those who have not been vaccinated. "With Delta, infections occurring following two vaccinations had similar peak viral burden to those in unvaccinated individuals," the study, which has not yet been peer reviewed, concludes. Viral "burden" or viral load refers to how much coronavirus-infected people carry and thus "shed," or release into the environment around them, where it can potentially infect others. According to an August 12, 2021, article in the New York Times, by Lauren Leatherby, the Delta variant, the highly transmissible version of the coronavirus that now makes up almost all new cases in the United States, continues to drive a surge throughout the country, with average new cases topping 100,000 for the past week. Some of those infections have been reported in fully vaccinated people in so-called breakthrough cases. As the sheer number of those vaccinated increases, so will the raw number of breakthrough cases, especially with the Delta variant circulating. As such, the government's response does not take into account the Delta variant. In the interest of judicial economy, Gary will not address all of the cherry picked cases the government cites to disapprove Gary's motion. It is clear and obvious that Fort Dix FCI is not a safe place with regard to the Delta variant virus and Gary still suffers long lasting side effects. Contrary

4

to the government's opinion, a relapse of the Delta variant would be life threatening to Gary. As such, contrary to the government's opinion, his health condition is an extraordinary and compelling reason to grant his motion for compassionate release.

### B. Other Arguments for Extraordinary and Compelling Circumstances

As shown above, Gary's health condition suffices as an extraordinary and compelling circumstance for his compassionate release. However, in this subsection of the GR, the government spends considerable time attempting to quash any other reason to grant his motion. See GR. at 12-14. Specifically, with regard to his post-conviction rehabilitation accomplishments, which the government "respectfully does not believe present 'extraordinary and compelling circumstances' warranting a reduction of his sentence." See GR at 12.

In reply, rather than spend more time refuting this erroneous argument, Gary states that he stands by his post-conviction rehabilitation accomplishments as stated in his pleadings. Regardless, Gary's health condition should suffice as previously stated. However, his accomplishments and their cumulative effect should further inform the Court of his eligibility for compassionate release.

### IV. Factors Set Forth under 18 U.S.C. § 3553(a)

In this section of the GR, the government makes another attempt to quash his motion for compassionate release. After listing the § 3553(a) factors, the government claims that the "factors do not support release in this case." See GR at 15. The government lists three subsections to this part of the GR: (A) Nature and Seriousness of the Offense; (B) History and Characteristics of the Offender; and (C) The Need for the Sentence.

Gary will briefly reply to each of these subsections as follows:

A.  Nature and Seriousness of the Offense

It should be noted that the Court has already considered these factors and is well aware of these factors when it structured Gary's sentence in the first instance. As such, the Court is very aware of the nature and seriousness of his offense. Of course, the government tries to pile on again by making Gary out to be not eligible for a reduction. Gary relies on the Court's expertise in this matter in this case.

B.  History and Characteristics of the Offender

Here, the government contends that Gary's past criminal history and his minor BOP disciplinary history generally support denial of his motion even when weighing his post-conviction rehabilitative efforts against those factors. The government further contends that "if good post-conviction conduct is enough to trigger this reduction", it fears that such reductions would become the norm. Contrary to these contentions, this is only part of his reason for compassionate release. His main claim is that his medical condition combined with his accomplishments are the reason for the Court to grant his motion. It is highly unlikely that this Court or any other Court would merely base his release on these accomplishments. However, there have been recent cases where such a release has happened. See *United States v. Marks*, (No. 03-CR-6033L) (WDNY April 20, 2020).

C.  The Need for the Sentence

With regard to the risk to the community, the government in this subsection claims that although it acknowledges that the danger posed by Gary has greatly lessened from when he was sentenced, it believes that his current sentence should be maintained and his motion should be denied. As such, the government opposes immediate release, but that Section 3582(c)(1)(A) still permits the Court to grant a motion to reduce his sentence and does not limit the Court to a choice between

6

imeediate release or complete denial. Further, the government will make a recommendation if the Court decides that some reduction is appropriate.

Gary's position is that the Court is in the best position to make this decision which is in the Court's discretion, but that a sentence of time served should be granted.

## IV.   Conclusion

The government concludes the GR by requesting that the Court deny Gary's motion for a sentence reduction. See GR at 19.

In reply, for the above and foregoing reasons and the reasons previously stated his pleadings and Exhibits, Gary prays that this Court grant his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018, based upon the "extraordinary and compelling reasons" and reduce his sentence to time served or any other relief the Court deems appropriate.

Respectfully submitted,

Dated: August 20, 2021

*Kevin Gary*
KEVIN GARY
REG. NO. 43319-037
FCI FORT DIX
FEDERAL CORR. INSTITUTION
P.O. BOX 2000
JOINT BASE MDL, NJ  0864

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2021, a true and correct copy of the above and foregoing Reply to Government's Response to Defendant's Motion for Sentencing Reduction [Doc. 1713], was sent via U. S. Mail, postage prepaid, Michael Clayton Hanlon, Assistant U.S. Attorney at U.S. Attorney's Office, 36 S. Charles Street, Fourth Floor, Baltimore, MD 21201.

*Kevin Gary*
KEVIN GARY