IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. JKB-08-086 |
| KEVIN GARY, | |
| **Defendant** | |

**RESPONSE TO DEFENDANT'S MOTION FOR SENTENCING REDUCTION**

The United States of America, by counsel, responds to the pending motion for reduction of sentence filed by the defendant Kevin Gary, pursuant to 18 U.S.C. § 3582(c)(1). ECF 1857. For the reasons discussed below, the Court should deny the motion.

**BACKGROUND**

The defendant pled guilty and is serving a sentence for racketeering conspiracy in violation of 18 U.S.C. § 1962(d). The defendant admitted in the plea agreement (attached as Exhibit 1) to being a member of a gang called the Tree Top Piru (TTP) Bloods. The gang engaged in numerous criminal activities as part of its business, including murder, other crimes of violence, and drug trafficking. The defendant's stipulations concerning his own conduct established his participation in and awareness of both the violent and non-violent criminal activities of the gang. Moreover, the stipulation reflected that the defendant was among the higher-level members of the gang, that he gave orders to other members of the gang, and that members of the gang reported to him. In the plea agreement, the defendant admitted to personally participating in violence, including

1

kicking and beating one victim until he was killed.  *See* Exhibit 1 at Attachment A (statement of facts).

In the plea agreement, the parties jointly recommended a sentence of 30 years imprisonment.  Exhibit 1 at ¶ 9.  The Court (Quarles, J.) accepted the C-plea and sentenced the defendant to 30 years' incarceration.  ECF 513.

The defendant has filed two previous motions for reduction of sentence.  The defendant's first motion was denied by the Court for failure to exhaust administrative remedies.  ECF 1669.  The Court granted the defendant's second motion, in part, by reducing the defendant's sentence to 300 months' imprisonment.  ECF 1743 at 3-6.  The Court found that the defendant had demonstrated extraordinary and compelling circumstances on the basis of the COVID-pandemic.  ECF 1743 at 3.  However, the Court was not willing to reduce the defendant's sentence to time served as the defendant urged due to the seriousness of the case, including its violent nature, and the defendant's lengthy criminal history.  Instead, the Court determined that a reduction to 300 months' imprisonment was appropriate.  ECF 1743 at 5-6.

The defendant has now filed his latest motion for reduction of sentence, which is the instant motion now pending.  ECF 1857.

**ARGUMENT**

A court considering a reduction of sentence under the compassionate release provision of the First Step Act must (1) determine if an inmate is eligible[1] for a sentence reduction that is: (A) warranted by "extraordinary and compelling reasons"; and (B) consistent with applicable Sentencing Commission Policy Statements; and (2) if the Court finds the inmate is eligible for compassionate release, it must then consider whether a sentence reduction is warranted according to the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *see also Dillon v. United States*, 560 U.S. 817, 826-27 (2010) (holding that parallel language in Section 3582(c)(2) establishes a similar two-step inquiry)). The burden is on the inmate to demonstrate that he has exhausted administrative remedies and that there are extraordinary and compelling reasons to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. Spivey*, 2020 WL 3618989, at *1 (D. Md. July 2, 2020) (Hazel, J.) ("The defendant generally bears the burden of establishing that a sentence reduction is warranted.") (quoting *United States v. Barringer,* 2020 WL 2557035 (D. Md. May 19, 2020)).

**I.      FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

It does not appear that the defendant has exhausted his administrative remedies with respect to the instant motion. In the current motion, ECF 1857 at 2, the defendant references the administrative request filed and denied with BOP in August 2020. That would have been before the defendant's second motion under § 3582(c)(1)(A). That motion has already been ruled upon and partly granted. ECF 1743, 1744. The defendant has not shown the submission of an

---

[1] Certain defendants at least 70 years old are eligible for sentence reductions, a provision not applicable in the instant case. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

3

administrative request prior to the instant motion. Accordingly, the Court should deny the requested relief. *See United States v. Hunt*, 2021 WL 718923, at *1 (D. Md. Feb. 24, 2021) (Bredar, C.J.) ("This Court has held that, regardless of whether § 3582(c)(1)(A)'s requirements are jurisdictional, this provision mandates that the defendant exhaust his or her administrative remedies prior to seeking relief in this Court.").

## II.  EXTRAORDINARY AND COMPELLING CIRCUMSTANCES.

The Court already determined in response to the defendant's prior motion that he had demonstrated extraordinary and compelling reasons for his request due to health conditions in the context of COVID-19. ECF 1743 at 3. Arguably, situations in BOP facilities and in the country have changed substantially since that motion and the government could argue that the Court should revisit that holding. Furthermore, the defendant's current motion does not assert extraordinary and compelling reasons on the basis of COVID-19. Nonetheless, for purposes of efficiency the government will not ask the Court to revisit the extraordinary and compelling reasons issue here. The government does so without waiving its previous objections to the defendant's arguments on this issue, or arguments that the defendant may make in the future about extraordinary and compelling reasons.

The government will address the particular arguments the defendant makes in the context of the 18 U.S.C. § 3553(a) factors in the next section.

## III.  FACTORS SET FORTH UNDER 18 U.S.C. § 3553(a).

Even if a defendant has met the threshold requirements for compassionate release, the Court must still consider whether a sentence reduction is warranted according to the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *see also Dillon*, 560 U.S. at 826-27 (holding that parallel language in Section 3582(c)(2) establishes a similar two-step inquiry).

Section 3553(a) provides that "[t]he court shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes described in § 3553(a)(2):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2)(A)-(D).

Barely a year ago, this Court assessed the § 3553(a) factors here in its ruling on the defendant's previous reduction motion. In that ruling, the Court stated that a sentence of 300 months imprisonment was appropriate, despite the defendant's request for time served, in light of the § 3553(a) factors including, among other things:

- The serious facts of the case, which included the defendant's participation in acts of violence, drug-trafficking, and a murder, all as being part of the TTP criminal organization. ECF 1743 at 4-5.

- A lengthy criminal history that included convictions for serious offenses like armed robbery, assault, and drug distribution. ECF 1743 at 5.

The Court's imposition of a sentence of 300 months imprisonment was fundamentally reasonable given those facts.

The defendant does not make any new, meaningful arguments that would warrant revisiting the reduced sentence. The government will address the defendant's arguments in the following

sections.[2]

### A.    Career Offender Issue

The defendant's first argument is that he would no longer be a career offender if sentenced today.  ECF 1857 at 10-11, 14-15.

It does appear that the defendant would not be a career offender if sentenced today due to changes in the law concerning the instant offense of conviction.  *See United States v. Rice*, 2022 WL 3083459, at *4-5 (D. Md. Aug. 3, 2022) (Bredar, C.J.) (finding that defendant was no longer a career offender, but denying § 3582(c)(1)(A) motion upon consideration of § 3555(a) factors).  However, this change in the law does not support further reduction of the sentence because the defendant's guidelines advisory range remains the same, without or without the career offender adjustment.

The offense level for racketeering is the higher of 19 or "the offense level applicable to the underlying racketeering activity."  U.S.S.G. § 2E1.1.  In this case, by the terms of the plea agreement stipulations, the racketeering activity involves murder, resulting in an offense level of 43 under U.S.S.G. § 2A1.1.  That level was reduced by 3 levels to 40 for acceptance of responsibility, as provided in the plea agreement.  *See* Exhibit 1 (plea agreement) at ¶ 6(b).  None of that had anything do with the defendant's career offender status or lack thereof.

There is a modest reduction in the defendant's criminal history category due to the change in career offender status, but it does not affect the advisory sentencing range.  The original presentence report provided that the defendant had a total of 12 criminal history points.  PSR ¶ 54.

---

[2]    Some of the defendant's arguments are made in the context of his extraordinary and compelling reasons points.  The government will address each of them to the extent they might also operate as 18 U.S.C. § 3553(a) considerations.

However, that count included an increase of one point due to the offense being less than two years after the defendant's last time in jail, PSR ¶ 54; that enhancement has been removed since the defendant's conviction. Without that enhancement, the defendant would have 11 criminal history points if sentenced today, and a non-career offender criminal history category of V by the government's calculation. That is a reduction from the automatic category VI provided by the career offender adjustment. *See* PSR ¶ 55.

Adjusted offense level 40 and criminal history category V results in the same offense level that the defendant had as a career offender: 360 months to life. That is the sentencing range in this case, whether the defendant is a career offender (40/VI) or not a career offender (40/V).[3] Because the sentencing range has not changed as a result of the career offender issue, the defendant's career offender argument does not support a further reduction of his sentence.

In an attempt to avoid this result, the defendant cites to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) to attack his sentence. *Apprendi* does not help the defendant. *Apprendi* has nothing to do with the sentencing guidelines, but rather requires that elements increasing the *statutory* maximum for an offense be pled in an indictment and either proven to a jury or admitted by a

---

[3]    The defendant states in his motion that without the career offender adjustment, his offense level would have been 19. ECF 1857 at 10-11. That is not correct. The offense level was 40 because the racketeering activity was murder. U.S.S.G. § 2A1.1. Regardless of the career offender situation, the defendant's offense level was never going to be 19.

The defendant appears to complain that some aspect of the murder conduct in his case was the subject of a state acquittal. ECF 1857 at 12. That does not matter. Gary admitted to the conduct and stipulated that the TTP racketeering activity involved murder, and that stipulation is controlling in this case regardless of whether it corresponded to some prior acquittal. Moreover, it is well established that a federal sentencing court may rely on conduct that is the subject of acquittal even in the instant case in imposing sentence. *See United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009).

defendant.  The maximum sentence for racketeering conspiracy is either (1) 20 years' imprisonment; or (2) life imprisonment if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment.  *See* 18 U.S.C. § 1963(a).  In this case, the indictment alleged that TTP was a gang that engaged in murder in violation of Maryland law and the defendant admitted to that conduct in the plea agreement.  *See* Indictment at Count One ¶¶ 15, 19 (indictment murder allegations); plea agreement at ¶ 6(a) (stipulations that conduct involved murder); ¶ 3 (stipulation that the maximum penalty for the defendant's instant conviction was life imprisonment).  The maximum penalty for murder under Maryland law is life imprisonment.  Md. Code. Ann., Crim. Law § 2-201(b) (Maryland statute providing for maximum penalty of life imprisonment or life imprisonment without parole for murder).  Therefore, the maximum sentence was life imprisonment based on the indictment and the defendant's stipulations.  Nothing has changed on that point since the defendant's conviction (and *Apprendi* was satisfied in any event).

      **B.**     **Rehabilitative Efforts**

The defendant also asks the Court to consider his rehabilitative and self-improvement efforts in BOP.  ECF 1857 at 17-18.

The Court recognized the defendant's impressive accomplishments and rehabilitative efforts in its earlier reduction of the defendant's sentence.  ECF 1743 at 17-18.  The government also recognized the defendant's accomplishments in its response to the defendant's second § 3582(c)(1)(A) motion.  However, the Court thoroughly considered the defendant's rehabilitative efforts in reducing the sentence to 300 months' imprisonment.  The defendant's efforts are impressive and the government hopes they continue.  But the defendant has not demonstrated why his ongoing efforts should be a basis for a *further* reduction of his sentence.

C. **Disparity with Other Defendants**

The defendant argues that his sentence is unfairly disparate with other defendants in his case. As it has in other cases, the government would urge the Court not to give undue weight to the sentences imposed on individual defendants in determining the proper outcome in this case. Focusing too greatly on reductions given to other defendants runs the risk of turning § 3582(c)(1)(A) into a domino effect trigger, where one defendant in a case receives a reduction, which leads to another defendant seeking a reduction, and another, and so forth.

Further, there are fundamental problems with allowing the sentencing of one defendant to be dictated so strongly by sentences (or sentencing reductions) imposed on others. First, over-emphasis on comparison sentences converts sentencing from an individualized process into an exercise in comparative math. Second, comparisons between co-defendants are not the kind of disparity that § 3553(a) is actually concerned with; rather, § 3553(a)'s admonishment against "unwarranted sentence disparities" is focused on avoiding unjustified *nationwide* disparities among defendants. *See United States v. Smith*, 836 Fed Appx. 149, 152-53 (4th Cir. Dec. 20, 2020) (considering 18 U.S.C. § 3555(a)(6) and stating that Fourth Circuit has "expressed doubt whether 'a defendant may ... challenge a sentence on the ground that a co-conspirator was sentenced differently.'… Moreover, § 3553(a)(6) is aimed primarily at eliminating national sentencing inequity, not differences between the sentences of co-conspirators") (quoting *United States v. Goff*, 907 F.2d 1441, 1446-47 (4th Cir. 1990))[4]. Third, individual sentences often result

---

[4]   *Goff*, quoted in *Smith*, was superseded on other grounds due to subsequent guidelines amendments.

from details that may be difficult to glean from the face of a sentence.  Non-public personal circumstances, health conditions, histories of abuse, cooperation, particular details with respect to the timing of guilty pleas, subtle differences with respect to particular facts, all make it not practical and not desirable to put different cases up against each other for comparison.

As this Court noted in its reduction order for a racketeering defendant in another case, the "unique factual and procedural aspects of each codefendants' original and revised sentences" may "limit[] the utility of these comparisons." *United States v. Banks*, 2022 WL 1028680, at *6 (D. Md. Apr. 6, 2022) (Bredar, C.J.).  The government understands that the Court may have been making that observation with respect to the particular histories in that case.  But the basic logic applies more generally to other cases.  Sentencing should be about more than looking at what someone else received.

Moreover, the defendant fails to establish that there is any unfairness in his sentence versus his co-defendants'.  He minimizes his own conduct, which included murder, with the suggestion that because everyone pled guilty to the same racketeering conspiracy everyone should receive the same sentence. ECF 1857 at 20.  That is obviously not correct as even within a single conspiracy case, individualized levels of participation, violent conduct, criminal histories, etc. may lead to different sentences for perfectly appropriate reasons.  The defendant does not give any consideration at all to the varying criminal histories of the people in his case.  The defendant

---

There are decisions going the other way and approving of approaching the disparity issue by reference to individual sample cases. *See, e.g., United States v. Doan*, 498 F.Supp.2d 816, 820 (E.D. Va. 2007); *United States v. Coats*, 2020 WL 2794474, at *5 (D. Md. May 29, 2020) (Bennett, J.) (stating that courts should consider disparity among co-defendants, and granting § 2255 relief due to trial counsel's failure to so argue).  At a minimum, noting authority on both sides of the issue, the government would suggest simply that a sentencing court (or a court considering a sentencing reduction), should not give undue weight to comparisons with different cases.

ignores whether there were particular unique circumstances in his co-defendants' cases. He ignores everything about those cases – and everything relevant to a § 3553(a) analysis – and instead relies on the bald assertion that everyone in his case should have received the same sentence. That is not the law and is not what the § 3553(a) factors call for in this case.

## CONCLUSION

The government respectfully requests that the Court deny the defendant's motion for a sentence reduction.

Respectfully submitted,

Erek L. Barron
United States Attorney


By:_____/s/_____
Michael C. Hanlon
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
410-209-4895
Michael.hanlon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be sent by email to:

>Kevin Gary, pro se
>Reg. No. 43319-037
>FCI FORT DIX
>FEDERAL CORRECTIONAL INSTITUTION
>P.O. BOX 2000
>JOINT BASE MDL, NJ  08640


>_____/s/_____
>Michael C. Hanlon
>Assistant United States Attorney