IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. JKB-08-0086 |
| KEVIN GARY, | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Petitioner Kevin Gary, who is currently incarcerated at FCI Fort Dix in New Jersey, has filed a *pro se* Application for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (ECF No. 1952.) The Motion will be denied.

### I. Background

In March 2009, Gary was sentenced to 360 months of incarceration for participation in a racketeering conspiracy. (ECF No. 513.) In August 2021, this Court reduced Gary's sentence to 300 months upon his *pro se* motion, finding that his health conditions presented extraordinary and compelling reasons for release and that his rehabilitation warranted a reduced sentence. (ECF No. 1743.) Gary subsequently filed a motion to reduce his sentence further, which this Court denied in November 2022. (ECF No. 1913.) He filed the instant Motion in December 2023. According to Bureau of Prisons records, Gary is currently scheduled for release in September 2027.

### II. Legal Standard

Ordinarily, a federal court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This "rule of finality," however, "is subject to a few narrow

exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). Relevant here is 18 U.S.C. § 3582(c)(2). This provision permits a court to lower the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the a reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable. *United States v. Riley*, Crim. No. ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). One such retroactive amendment is Amendment 821 to the Sentencing Guidelines. Amendment 821 is a multi-part amendment. As relevant here, Part A limits the criminal history impact of "status points." Specifically, a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points.

### III. Analysis

Amendment 821 cannot provide any relief to Gary, because his 300-month sentence is still below the Guidelines range that would apply after applying the benefits of Amendment 821.

At the time of his sentencing, Gary had a total offense level of 40. (Presentence Report, ECF No. 1487 at ¶¶ 32–41.) Gary had nine criminal history points, resulting in a preliminary criminal history category of IV. (*Id.* at ¶ 52.) He was then assigned two "status points" because the instant offense was committed while he was on probation, plus an additional point because the offense was committed less than two years following his release from custody for a prior offense. (*Id.* at ¶¶ 53–54.) These three additional points would yield a criminal history category of V. (*See* ECF No. 1913 at 4.) However, because at the time of his original sentencing Gary was considered

a "career offender," his final criminal history category was VI. (ECF No. 1487 at ¶ 55.) The Guidelines range for a defendant with an offense level of 40 and a criminal history category of VI is (and was at the time of his original sentencing) 360 months to life in prison. USSG §5A (Sentencing Table); (ECF No. 1487 at ¶ 62).

As the Court has previously explained, Gary would no longer be considered a career offender under today's law, and the one-point enhancement for the offense being committed less than two years following his release from prison is no longer applicable. (ECF No. 1913 at 3–4 & 4 n.2.) Thus (before applying the effects of Amendment 821), he would have a total of 11 criminal history points, placing him in category V.

Applying Amendment 821 to Gary's sentence would remove one status point. *See* USSG § 4A1.1(e) & comment. n.5. So, if Gary were sentenced today, he would be assigned 10 criminal history points, which would still place him in criminal history category V. The recommended range for a defendant with an offense level of 40 and criminal history category V is 360 months to life in prison. USSG §5A (Sentencing Table).

In short, Amendment 821 does nothing to help Gary because even after applying the benefit of that Amendment, Gary would have the same criminal history category and still ends up with a recommended sentence of at least 360 months incarceration. In other words, Gary's current sentence of 300 months is below the guidelines range even after taking Amendment 821 into account.[1] Because Gary's current sentence is below the guidelines range he would receive even after giving him the full benefit of Amendment 821, he is not entitled to a sentence reduction under § 3582(c)(2). *See United States v. Mitchell*, Crim. No. 5:19-00053, 2024 WL 185360, at *1 (S.D.

---

[1] Indeed, even if Gary received *no* status points, he would have 9 criminal history points, which would place him in Criminal History category IV. An offense level of 40 with criminal history category of IV *still* yields a recommended sentence of 360 months to life. USSG §5A (Sentencing Table).

3

W. Va. Jan. 17, 2024) (denying a § 3582(c)(2) motion because the defendant's sentence was below the guidelines range even after giving effect to Amendment 821); *United States v. Gutierrez*, Crim. No. 3:14-00078-MOC, 2024 WL 1471315, at *2 (W.D.N.C. Apr. 4, 2024) (denying a § 3582(c)(2) motion because applying Amendment 821 did not lower the applicable guidelines range).

## IV.  Compassionate Release

The Court observes that Gary also argues for release based on his rehabilitation and medical conditions. (*See* ECF No. 1952 at 7–9.) The proper vehicle for such arguments would be a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), not a motion for sentence reduction pursuant to § 3582(c)(2). However, given the Court's duty to "liberally construe[]" *pro se* filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted), the Court will construe Gary's Motion as also seeking compassionate release.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), permits a court to reduce the sentence of a federal inmate if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) a reduction in sentence is consistent with the Sentencing Guidelines, and (3) that the factors set forth in 18 U.S.C. § 3553(a) favor a reduction.[2] Turning first to the second factor, newly amended Guidelines went into effect in November 2023. They contain criteria for determining whether an inmate's circumstances qualify as extraordinary and compelling. U.S. Sent'g Comm'n, Guidelines Manual (Nov. 2023). These Guidelines retain a catchall category that "maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release." *United States v. Brown*, Crim. No. JKB-

---

[2] As a preliminary matter, a compassionate release petitioner first must exhaust his administrative remedies with the BOP or 30 days must have lapsed from the date of the Warden's receipt of his request for release, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Here, Gary contends that he submitted his request for release to the Warden on November 2, 2023 and has not received a response. (ECF No. 1952 at 5.) Because it has been more than 30 days since that date, the Court finds that the exhaustion requirement has been met.

08-00415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023).

Gary has several serious health conditions, including sarcoidosis, asthma, hypertension, and sleep apnea (necessitating the use of a CPAP machine), and has had to be taken to an outside hospital at least twice, in November 2023 and September 2022, because of difficulty breathing. (ECF Nos. 1952 at 8, 1952-1 at 1, 1952-3 at 1–5.)  He has also presented impressive evidence of rehabilitation—he has authored over 40 novels, demonstrated remorse, and pursued educational opportunities while in prison. (ECF No. 1952 at 7, at 1952-2 at 1.)  Finally, he has attached a petition with over 1,000 signatures from individuals supporting his release, and numerous letters from individuals around the country praising his mentorship and role modeling. (ECF No. 1952 at 7; ECF No. 1952-2 at 2–25.)

The Court will assume, without deciding, that these circumstances constitute extraordinary and compelling reasons for release.  However, the Court still must consider the § 3553(a) factors, which require the Court to impose "a sentence sufficient, but not greater than necessary," after considering (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to, *inter alia*, reflect the seriousness of the offense, provide deterrence, and protect the public, (3) the kinds of sentences available, (4) applicable Sentencing Guidelines, (5) any pertinent policy statement issued by the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities, and (7) the need to provide restitution to any victims.

The § 3553(a) factors do not support reducing Gary's sentence any further.  The nature and circumstances of the offense were, as this Court has twice before observed, "undoubtedly serious." (ECF No. 1913 at 4 (quoting ECF No. 1743 at 5).)  In his plea agreement, Gary admitted to, among other acts: participating in a murder by kicking and beating a victim whose throat had been slashed;

directing gang members or others to beat up other individuals on three occasions; attempting to order gang members to murder a Maryland state prison inmate; ordering robberies; and selling illegal drugs. (ECF No. 1487 at ¶¶25–27.) A substantial prison sentence remains appropriate to reflect the seriousness of these offenses, provide deterrence, and protect the public.

The Court recognizes that Gary has taken impressive stems to reform his life while in prison, and the Court commends him for doing so. That said, as mentioned above, the Court already took Gary's health conditions and notable personal achievements into account in 2021, when it granted him a five-year reduction to his original sentence. Moreover, the Court reiterates that Gary's current sentence remains significantly below the Guidelines range, even after giving effect to Amendment 821. Finally, the Court remains concerned about his health conditions, but nothing in Gary's submissions indicates that his health has deteriorated to the point that he is unable to receive adequate care in prison. Gary is not entitled to any further relief at this time.

## V.   Conclusion

For the foregoing reasons, it is ORDERED that Kevin Gary's Application for Reduction in Sentence (ECF No. 1952) is DENIED. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Gary.

DATED this __16__ day of April, 2024.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge