IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIM. NO. JKB-08-0086 |
| KEVIN GARY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Kevin Gary's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 1997.) The motion will be denied for the reasons that follow.

### I. Background

In March 2009, Gary was sentenced to 360 months of incarceration for participation in a racketeering conspiracy. (ECF No. 513.) In August 2021, this Court reduced Gary's sentence to 300 months upon his *pro se* motion for compassionate release, finding that his health conditions presented extraordinary and compelling reasons for release and that his well-documented personal improvement and rehabilitation warranted a reduction. (ECF No. 1743.) Gary twice filed subsequent motions to reduce his sentence further, which this Court denied in November 2022 (ECF No. 1913) and April 2024 (ECF No. 1956). He filed the instant Motion in April 2025.

### II. Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), permits a court to reduce the sentence of a federal inmate if it finds that (1) "extraordinary and compelling reasons warrant

such a reduction," (2) a reduction in sentence is consistent with the Sentencing Guidelines, and (3) the factors set forth in 18 U.S.C. § 3553(a) favor a reduction. A compassionate release petitioner first must exhaust his administrative remedies with the Bureau of Prisons or 30 days must have lapsed from the date of the Warden's receipt of his request for release, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Guidelines include criteria for determining whether an inmate's circumstances qualify as extraordinary and compelling, including a catchall category that "maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release." *United States v. Brown*, Crim. No. JKB-08-00415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023); U.S. Sent'g Comm'n, Guidelines Manual (Nov. 2023). 18 U.S.C. § 3553(a) requires the Court to impose "a sentence sufficient, but not greater than necessary," after considering (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to, *inter alia*, reflect the seriousness of the offense, provide deterrence, and protect the public, (3) the kinds of sentences available, (4) applicable Sentencing Guidelines, (5) any pertinent policy statement issued by the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities, and (7) the need to provide restitution to any victims.

### III. Analysis

As a preliminary matter, Gary's Motion does not state any facts pertinent to whether he satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). Because Gary's Motion would be denied on its merits even assuming that the exhaustion requirement had been met, the Court will presume exhaustion for purposes of the instant Motion. Similarly, the Court will assume, without deciding, that Gary's circumstances continue to constitute an extraordinary and compelling reason for release. As the Court has previously noted, Gary has several serious health

conditions (one of which, hypercoagulability, is new since his last motion), and he has presented impressive evidence of rehabilitation. (ECF No. 1913 at 4; ECF No. 1956 at 5.) In the instant Motion, Gary adds that conditions at FCI Fort Dix, where he is incarcerated, have been particularly difficult in the last year and that two fellow inmates, one of whom he spoke with daily, committed suicide in the months preceding his filing. (ECF No. 1997 at 8.)

Even assuming that Gary met the exhaustion requirement and had an extraordinary and compelling reason warranting compassionate release, the § 3553(a) factors do not support reducing Gary's sentence further. As the Court has repeatedly observed, the nature and circumstances of Gary's offense were "undoubtedly serious." (ECF No. 1743 at 5; ECF No. 1913 at 4; ECF No. 1956 at 5.) Among other acts, Gary admitted in his plea agreement to: participating in a murder by kicking and beating a victim whose throat had been slashed; directing gang members or others to beat up other individuals on three occasions; attempting to order gang members to murder a Maryland state prison inmate; ordering robberies; and selling illegal drugs. (ECF No. 1487 at ¶¶ 25–27.) A substantial prison sentence remains appropriate to reflect the seriousness of these offenses, provide deterrence, and protect the public. Further, Gary's current 300-month sentence remains significantly below the applicable Guidelines range of 360 months to life. (*See* ECF No. 1956 at 3.)

Gary's Motion argues that consideration of § 3553(a)(6)—"the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"—favors a sentence reduction. (ECF No. 1997 at 6.) Gary claims that two co-defendants, Clyde Millner and Jerrod Fenwick, were sentenced to only 240 and 210[1] months respectively, despite being "similarly situated" or "ha[ving] a bigger role in the enterprise." (ECF No. 1997 at

---

[1] Fenwick's sentence was later reduced from 210 to 188 months. (ECF No. 1997 at 6.)

3

6.) Gary specifically requests reducing his 300-month sentence "to 240 months, the sentence imposed on Clyde Millner." (*Id.*)

However, Gary's Motion fails to make any factual allegations that support his bald assertion that Millner and Fenwick were similarly situated. Nor do the cases Gary cites (ECF No. 1997 at 11) require any modification of the individualized assessment the Court has previously made under § 3553(a). Further still, Fourth Circuit case law has explained that the primary purpose of § 3553(a)(6) is to "eliminate unwarranted sentencing disparities *nationwide*," as opposed to disparities between co-defendants. *United States v. Lawson*, 128 F.4th 243 (4th Cir. 2025) (quoting *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996)); *United States v. Mosley*, 827 F. App'x 256, 259 (4th Cir. 2020) (quoting *Withers* and citing *United States v. Simmons*, 501 F.3d 620, 623–24 (6th Cir. 2007)).

### IV.   *Conclusion*

For the foregoing reasons, it is ORDERED that Gary's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 1997) is DENIED. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Gary.

DATED this 15 day of September, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge